HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DWAYNE COOPER,

    Plaintiff,

v.

MILLIMAN, INC.,

    Defendant.

Case No. 2:23-cv-00522-RAJ

**ORDER**

## I. INTRODUCTION

This matter is before the Court on Plaintiff Dwayne Cooper's ("Plaintiff" or "Mr. Cooper") motion for reconsideration, Dkt. # 23, of this Court's order denying in part and granting in part Plaintiff's motions to amend the complaint, modify the scheduling order, and extend all remaining deadlines. Dkt. # 21. In the order, this Court denied Plaintiff's request to join Evernorth Intelligence Solutions ("Evernorth") as a defendant, but granted a sixty (60) day extension to the case schedule to ensure that the parties would have sufficient time to complete discovery prior to trial, given Plaintiff's stated intention to add a cause of action against Defendant Milliman, Inc. ("Milliman") to his complaint. Dkt. # 21 at 9. Milliman filed a response to Plaintiff's request for reconsideration. Dkt. # 25. For the reasons below, Plaintiff's motion for reconsideration is **DENIED**.

ORDER – 1

## II. DISCUSSION

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. Local Rules W.D. Wash. LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id*

Here, Plaintiff argues that this Court's decision to deny Plaintiff leave to amend the complaint relied heavily on information outside the pleadings. Dkt # 23 at 3. Plaintiff argues that this Court wrongly relied upon Milliman's improper arguments as to the potential futility of amendment and the joining of Evernorth as a defendant. *Id.* Further, Plaintiff argues, this Court's reasoning should have at least led to the finding that Evernorth could potentially be liable under the Fair Credit Reporting Act as a furnisher of information under 15 U.S.C. § 1681s-2, if not as a consumer reporting agency. *Id.* at 7.

Milliman opposes Plaintiff's motion, arguing that Plaintiff relies on non-binding authority for its contention that Milliman cannot assert arguments regarding the futility of joining Evernorth as a defendant. Further, regardless of Milliman's ability to assert futility arguments as to a third party, Plaintiff's proposed amended complaint fails to properly allege that Evernorth is a credit reporting agency and intends to provide consumer reports to third parties, as required by *Zabriskie v. Fed. Nat'l Mortg. Ass'n*, 940 F.3d 1022, 1027 (9th Cir. 2019). Dkt. # 25 at 4. Finally, Milliman opposes Plaintiff's argument that the Evernorth should be joined under the theory that it is a data furnisher. *Id.* at 5.

As this Court noted it in its order, at the time that Plaintiff filed his motion for leave to amend the complaint and join Evernorth as a defendant, the August 30 deadline to join parties had passed, although the deadline for amendment had not. Dkt. # 21 at 9. This Court considered the relevant factors and ultimately decided that leave to join another defendant was not warranted. *Id.* at 5-6 (analyzing the factors set forth in

ORDER – 2

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006)). Plaintiff failed to act diligently to join Evernorth or seek an extension of the scheduling order as to joinder after receiving discovery in early July 2023 that indicated that Milliman received medical record information from Evernorth. Dkt. # 21 at 6. Given Plaintiff's undue delay in this regard and failure to adequately address the matter of futility of amendment when the issue was presented to this Court, it is within this Court's discretion to deny leave to join Evernorth as a defendant. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking modification [of the scheduling order] was not diligent, the inquiry should end and the motion should not be granted.") (internal quotations omitted).

However, the Court remains inclined to allow Plaintiff to amend his complaint, considering that he sought leave prior to the expiration of the deadline. *See* Dkt. # 21 at 9 (noting that Plaintiff expressed intention to amend complaint to bring additional cause of action against Milliman). Because Plaintiff's motion identifies no new facts, legal authority, or manifest error necessitating reconsideration, Plaintiff's motion for reconsideration is **DENIED**. Dkt. # 23. Plaintiff may file amended pleadings as to current defendant Milliman only by **April 22, 2024**. All further dates in the case schedule shall be adjusted accordingly.

DATED this 22nd day of March, 2024.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3