HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DWAYNE COOPER,

    Plaintiff,

v.

MILLIMAN, INC.,

    Defendant.

Case No.  2:23-cv-00522-RAJ

**ORDER**

## I.  INTRODUCTION

This matter is before the Court on Defendant Milliman, Inc.'s ("Defendant" or "Milliman") motion for summary judgment. Dkt. # 31. The Court finds that this motion may be resolved without oral argument. LCR 7(b)(4). For the reasons below, the Court **DENIES** the motion.

## II.  BACKGROUND

In February 2020, the wife of Plaintiff Dwayne Cooper ("Plaintiff" or "Mr. Cooper") died of kidney cancer. Dkt. # 1 (Complaint) ¶ 10. Thereafter, Plaintiff began looking for life insurance. *Id.* ¶ 11. In the summer of 2021, Plaintiff applied and was approved for a life insurance policy with insurance company Lumico and began paying premiums in August 2021. *Id.* ¶ 14. On February 2, 2023, Lumico informed Plaintiff that

ORDER – 1

it was cancelling his insurance policy due to Plaintiff's supposed dishonestly in failing to disclose on his application past treatment for "malignant neoplasm of the right kidney." Dkt. # 34, Ex. B. Lumico included a refund check in the amount of $1,424.43. *Id.*; Dkt. # 1 ¶ 20. According to Lumico, it received the information about Plaintiff's undisclosed medical care from a consumer report provided by Milliman. Dkt. # 34, Ex. B.

Plaintiff never received medical treatment for a malignant neoplasm of his right kidney, but his late wife did. Plaintiff called Lumico to alert the company to this discrepancy and was instructed by a Lumico representative to contact Milliman to obtain a copy of the consumer report and dispute any inaccuracies. *Id.* ¶ 24. On or about February 14, 2023, Plaintiff called Milliman to request a copy of the report, and Plaintiff received a copy around February 20, 2023. *Id.* ¶ 25, 27; Dkt. # 34, Ex. D (Consumer Report) at 1. During this time frame, Plaintiff left several voice mails with Milliman, including a February 21 message that stated: "Hi, my name is Dwayne Cooper. My phone number is 740-868-7744. I got your consumer report, and there are some problems with it. So please give me a call. 740-868-7744." Dkt. # 34, Ex. F.

The report included three entries that belonged to Plaintiff's late wife:

- An entry with a service date of 01/01/20202: "Electrocardiogram, routine ECG with at least 12 leads; interpretation and report only"
- An entry with a service date of 01/03/2020: "Malignant neoplasm of right kidney, except renal pelvis"
- And an entry with a service date of 01/03/2020: "Inpatient consultation for a new or established patient, usually the presenting problem(s) are of moderate to high severity. Typically 80 minutes are spent at the bedside and on the patients [sic] hospital floor or unit."

Dkt. # 34, Ex. D at 2. The report stated, "If you have questions regarding your report or if you believe something may be inaccurate, please contact us at 877-211-4815 or FCRAreport@milliman.com." *Id.* The letter also indicates that a summary of Plaintiff's

ORDER – 2

rights under the Fair Credit Reporting Act was attached. *Id.*

On February 22, Milliman sent Plaintiff an email outlining the dispute process. Dkt. # 33 (Declaration of Daniel A. Brown ISO Milliman's Motion); Ex. A (Cooper Deposition) at 29:10-20. Plaintiff did not have a clear memory of receiving the email, did not recall responding to it, and thought he noticed it some time later in his email's junk mail folder. *Id.*, Ex. A, 29:21-23, 35:20-23.

Plaintiff then filed the instant lawsuit against Milliman on April 5, 2023 alleging that Milliman violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Dkt. # 1. Plaintiff alleged that Milliman violated the law by (1) failing to establish, maintain, and/or follow reasonable procedures to ensure it compiled and disbursed consumer credit information with maximum possible accuracy when it inaccurately reported Plaintiff's wife's prescription and medical records as part of Plaintiff's consumer report and file, and (2) failing to perform a reasonable reinvestigation of his dispute. Dkt. # 1 ¶ 89-104.

Around April 20, Milliman sent another email to Plaintiff stating that, based on the information provided, Milliman discovered three erroneously reported items on his report, and attached a corrected consumer report. Dkt. # 33, Ex. A at 37:24-38:8. According to a letter obtained by Milliman via third-party discovery, on April 24, 2023, Lumico told Plaintiff via letter that it reviewed his "revised report" from Milliman and could reinstate his policy based on the corrected information. Dkt. # 33, Ex. C. Reinstatement would require Plaintiff to pay back the amount of his refund check, plus any additional premiums that would be due in order to make his policy current within 80 days. *Id.* However, Plaintiff did not reinstate his policy with Lumico, nor did he apply for life insurance with any other insurance company. *Id.* at 38:17-19.

//
//
//
//

ORDER – 3

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnell-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)).

ORDER – 4

## IV.  DISCUSSION

The FCRA, 15 U.S.C. § 1681 et seq., mandates that a consumer reporting agency ("CRA"), such as Milliman, use "reasonable procedures" to ensure the accuracy of the information it reports to third parties. *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th. Cir. 2017). It provides a private right of action against CRAs that violate their statutory requirements in procuring and using consumer reports. *Id.* at 497. An affected consumer is entitled to actual damages for a negligent violation, 15 U.S.C. § 1681o, and for willful violations, a consumer may recover statutory damages ranging from $100 to $1000, punitive damages, and attorney's fees and costs. 15 U.S.C. § 1681n.

Section 1681e(b) requires that CRAs "follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Liability under this Section 1681e(b) is "predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332-33 (9th Cir. 1995). However, a CRA may escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures. *Id.* "The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Id.*

Milliman, relying on the expert report of Troy Kubes, Dkt. # 33, Ex. B, argues that its protocols, such as multiple levels of vendor management, review of its various data sources, and use of automation, ensure maximum accuracy in consumer reports. Dkt. # 31 at 7-8. Further, Milliman argues, such protocols were utilized in generating Plaintiff's report. And even if Plaintiff's individual experience produced an inaccurate report, Plaintiff cannot provide evidence proving that Milliman's procedures are unreasonable. *Id.* Plaintiff cites to the report of their expert Evan Hendricks to argue that Milliman's protocols were insufficient to prevent the erroneous mixing of other's records into consumer reports and to ensure the accuracy of records from its data source—in this case,

ORDER – 5

Evernorth Services, Inc. Dkt. # 35, Exs. G, H.

Plaintiff also alleges that Milliman violated Section 1681i, which requires that CRAs, in the case of a consumer dispute, "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information…" 15 U.S.C. § 1681i. Milliman argues that this claim must also fail as a matter of law because Milliman followed its internal procedures for addressing disputes, and received no response from Plaintiff. Instead, according to Milliman, Plaintiff left voice messages with non-specific concerns, instead of providing "(1) confirmation of demographic information and (2) response in writing with the full list of Item Numbers that are being disputed," as requested in Milliman's February 22 email. Dkt. # 31 at 9-10. Plaintiff argues that nothing in the FCRA supports the argument that a CRA fulfills its obligation to conduct a reinvestigation by simply asking the consumer to provide proof of the erroneous information, and that this stance is inconsistent with the "remedial" focus of the law. Dkt. # 34 at 11 (citing *Tempelman v. Trans Union, LLC*, 2015 U.S. Dist. LEXIS 7615, at *10 (D.N.J. Jan. 22, 2015)).

The record before the Court does not support a finding of summary judgment in favor of Milliman. As this Court has held before, "a reasonableness determination for these purposes is generally, by definition, a genuine issue of material fact." *Collins v. Milliman*, No. 2:22-cv-00062-RAJ, 2023 WL 2043945, at *3 (W.D. Wash. Feb. 16, 2023); *see also Healy v. Milliman, Inc.*, No. C20-1473-JCC, 2022 WL 1061921, at *4 ("[T]he reasonableness of a [CRA's] procedures is 'normally a question of fact for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'") (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010)). Therefore, summary judgment in favor of Milliman is not warranted here.

//

//

//

ORDER – 6

## V.   CONCLUSION

For the reasons stated above, the Court **DENIES** Milliman's motion for summary judgment. Dkt. # 31. However, in light of the circumstances, this Court encourages the parties to seek mediation to resolve this dispute in advance of the trial date.

DATED this 12th day of July, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7